IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

Portland Division

CANH NGUYEN                                          CV 08-590-MA

        Plaintiff,                          OPINION AND ORDER

v.

MICHAEL ASTRUE,
Commissioner of Social
Security,

        Defendant.

RICHARD A. SLY
1001 S.W. 5th Ave., Suite 310
Portland, OR 97204
(503) 224-0436

LINDA S. ZISKIN
P.O. Box 2237
Lake Oswego, OR 97035
(503) 889-0472

        Attorneys for Plaintiff

1 - OPINION AND ORDER

KENT S. ROBINSON
Acting United States Attorney
ADRIAN L. BROWN
Assistant United States Attorney
1000 S.W. Third Avenue, Suite 600
Portland, OR  97204-2902
(503) 727-1003

LEISA A. WOLF
Special Assistant United States Attorney
Social Security Administration
701 Fifth Avenue, Suite 2900 MS/901
Seattle, WA  98104-7075
(206) 615-3621

      Attorneys for Defendant

MARSH, Judge.

     Plaintiff seeks judicial review of the Commissioner's final decision denying his July 9, 2003, application for disability insurance benefits (benefits) under Title II of the Social Security Act, 42 U.S.C. §§ 401-33.  Plaintiff contends the matter should be remanded to the Commissioner for the immediate payment of benefits.  The Commissioner concedes his final decision should be reversed and remanded, but moves the court to remand the matter for further proceedings rather than for the payment of benefits (doc. 37).

     For the following reasons, I **REVERSE** the final decision of the Commissioner, **DENY** defendant's Motion to Remand for further proceedings, and **REMAND** this matter for the payment of benefits.

2  - OPINION AND ORDER

## PROCEDURAL HISTORY[1]

Plaintiff filed an application for benefits on July 9, 2003, alleging he had been disabled since February 2, 2002, because of physical impairments relating to Hepatitis C, a nutritional deficiency, congestive heart failure after he underwent a mitral valve replacement and a 3-way heart by-pass operation, and psychological impairments relating to a Somatoform Disorder.

Plaintiff's application was denied initially and on reconsideration and he requested a hearing. On November 23, 2005, the ALJ found plaintiff was not disabled. The Appeals Council denied plaintiff's request for review, making the ALJ's decision the final decision of the Commissioner for purposes of review. Plaintiff then sought judicial review in this court. See Nguyen v. Astrue, CV 06-1465-AS. Magistrate Judge Ashmanskas found the Administrative Record was incomplete because the Appeals Council, before denying plaintiff's claim, reviewed 300 pages of medical evidence from 2006 that had not been reviewed by the ALJ, and had not been included in the Administrative Record for purposes of judicial review.[2] Accordingly, Magistrate Judge

---

[1] The procedural history is set forth in plaintiff's memorandum. The Commissioner stipulates to its accuracy.

[2] The Commissioner has yet to account for the entire 300 pages that should have been but were not included in the original Administrative Record.

3  - OPINION AND ORDER

Ashmanskas remanded the case to the Commissioner for further administrative proceedings to enable appropriate judicial review of the entire Administrative Record.

During the remand period, plaintiff filed a new application for benefits and was found to be disabled with an onset date of March 25, 2006. The ALJ, however, found again that plaintiff was not disabled between the alleged original onset date of February 2, 2002 and March 25, 2006. Accordingly, the matter is before the court to determine if plaintiff is entitled to benefits from February 2, 2002 until March 26, 2006, or whether the matter should be remanded for still further proceedings.

## THE ALJ'S FINDINGS ON REMAND

The Commissioner has developed a five-step sequential inquiry to determine whether a claimant is disabled. Bowen v. Yuckert, 482 U.S.137, 140 (1987). See also 20 C.F.R. § 416.920. Plaintiff bears the burden of proof at Steps One through Four. See Tackett v. Apfel, 180 F.3d 1094, 1098 (9th Cir. 1999). Each step is potentially dispositive.

At Step One, the ALJ found plaintiff had not engaged in substantial gainful activity since February 2, 2002, the alleged onset date of his disability.

At Step Two, the ALJ found that from February 2, 2002, through March 25, 2006, plaintiff suffered from "only" severe

impairments of hepatitis C and mild degenerative disc disease until he experienced "significant cardiac events the next day," resulting in the diagnosis of severe cardiac impairment.

At Step Three, the ALJ found these impairments did not meet or equal the requirements of any Listed Impairment.

The ALJ found that, during the relevant period until March 26, 2006, plaintiff had the residual functional capacity to perform light work, including lifting and carrying 10 lbs frequently and 20 lbs occasionally, standing and walking six hours in an eight-hour workday with no sitting limitations. The ALJ also found that, during the relevant time period, plaintiff was able to perform simple, repetitive work that did not involve reading and writing English.  He would have expected to be absent from work two or more days per month.

At Step Four, the ALJ found that, before March 26, 2006, plaintiff was unable to perform his past relevant work as a shipping and receiving clerk, which is a semi-skilled job, or as a card dealer, which is a skilled job.

At Step Five, however, the ALJ found that plaintiff was able to perform a significant number of unskilled or semi-skilled jobs involving light work existing in the national economy, including the jobs of motel cleaner, small parts assembler, and cashier.

Based on these findings, the ALJ found plaintiff was not disabled from February 2, 2002, through March 25, 2006, and, therefore, denied his claim for benefits.

## LEGAL STANDARDS

The initial burden of proof rests on the claimant to establish disability. Roberts v. Shalala, 66 F.3d 179, 182 (9th Cir. 1995), cert. denied, 517 U.S. 1122 (1996). To meet this burden, the claimant must demonstrate the inability "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which . . . has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C § 423(d)(1)(A).

The district court must affirm the Commissioner's decision if it is based on proper legal standards and the findings are supported by substantial evidence in the record as a whole. 42 U.S.C. § 405(g). "Substantial evidence means more than a mere scintilla but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Andrews v. Shalala, 53 F.3d 1035, 1039 (9th Cir. 1995). The court must weigh all of the evidence whether it supports or detracts from the Commissioner's decision. Martinez v. Heckler, 807 F.2d 771, 772 (9th Cir. 1986). The decision must be upheld, however, even if the "evidence is susceptible to more than one rational interpretation." Andrews, 53 F.3d at 1039-40.

The Commissioner bears the burden of developing the record. DeLorme v. Sullivan, 924 F.2d 841, 849 (9th Cir. 1991).  The duty is triggered when there is ambiguous evidence or when the record is inadequate to allow for proper evaluation of the evidence. Mayes v. Massanari, 276 F.3d 453, 459-60 (9th Cir. 2001).

The decision whether to remand for further proceedings or for immediate payment of benefits is within the discretion of the court.  Harman v. Apfel, 211 F.3d 1172, 1178 (9th Cir.), cert. denied, 121 S. Ct. 628 (2000).  "If additional proceedings can remedy defects in the original administrative proceeding, a social security case should be remanded."  Lewin v. Schweiker, 654 F.2d 631, 635 (9th Cir. 1981).

## ISSUES ON REVIEW

The Commissioner concedes his final decision must be reversed for two reasons:  (1) the ALJ failed to "obtain[] vocational testimony at the second hearing [which] could have identified specific transferable work skills;" (2) the ALJ improperly rejected medical evidence of a treating physician that plaintiff was disabled at least as of February 3, 2004.

The Commissioner, however, contends that these "issues" are not sufficient to justify an award of benefits to plaintiff for the relevant time frame, and the appropriate remedy is to remand this matter to afford the Commissioner a third opportunity to comply with the law.

**ANALYSIS**

1.    **Vocational Testimony.**

Plaintiff was 50 years old on December 6, 2003.  He was born and raised in Vietnam and there is no dispute he is unable to read or write English and has a limited education.  In his first decision in this case, the ALJ found plaintiff was able to perform the full range of light work, but neither he nor the vocational expert at the first hearing addressed whether plaintiff possessed any transferable work skills.  In the absence of such a finding, a finding of disability would have been mandated because he was approaching the age of 50 at the time of that decision. See 20 C.F.R. Pt. 404, Supt. P, App. 2, Rule 202.09 (a person "closely approaching advanced age [50-54]" who is "illiterate or unable to communicate in English, and who has a past history of unskilled work," is considered disabled if he is limited to "light work."

Moreover, at the second hearing on remand, the ALJ, for the second time, did not inquire as to whether plaintiff had transferable work skills, even though a vocational expert was present at the hearing.

On this record, I find no reason to afford the Commissioner any further opportunity to develop vocational evidence for the purpose of attempting to support a non-disability finding.

2.  **Medical Opinion**.

In December 2002, Les Schmertzler, M.D., plaintiff's
treating physician at Kaiser Permanente, opined that plaintiff
was unable to work.  In February 2004 and again in November 2004,
treating physician Kristin Griffin reached the same conclusion.

The Commissioner asserts the ALJ did not err in failing to
credit these medical opinions as true.  In support of this
position, the Commissioner relies on Connett v. Barnhart, 340
F.3d 871, 876 (9th Cir. 2003), and Bunnell v. Barnhart, 336 F.3d
1112, 1116 (9th Cir. 2003), in which the Ninth Circuit held the
district court need not automatically credit as true improperly
rejected medical opinions as to disability.  In those cases,
however, the Ninth Circuit addressed the circumstance where an
ALJ improperly rejects a disability claimant's testimony.  The
Ninth Circuit, however, has repeatedly held that a treating
physician's medical opinion as to disability should be credited
as true if the ALJ gives inadequate reasons for rejecting the
opinion.  Widmark v. Barnhart, 454 F.3d 1063, 1069 (9th Cir.
2006).

This court reached the same conclusion in its September 2004
Opinion and Order in Kirkpatrick v. Barnhart, CV 03-657-HU, when
it adopted Magistrate Judge Hubel's Findings and Recommendation
crediting as true an improperly rejected medical opinion of a

treating physician that supported a finding that the claimant was disabled.  <u>See</u> Opin. and Order, issued Oct. 28, 2004, at 4-5.

On this record, the court concludes remand for further proceedings to afford the Commissioner a third opportunity to properly evaluate the evidence is not justified.  As such, the court concludes this matter should be remanded for the purpose of awarding benefits to plaintiff for the period from February 2, 2002, through March 25, 2006.

<u>**CONCLUSION**</u>

For these reasons, the court **REVERSES** the final decision of the Commissioner, **DENIES** defendant's Motion to Remand (doc. 37) for further proceedings, and **REMANDS** this matter for the payment of benefits as set forth herein.

IT IS SO ORDERED.

DATED this  28 day of January, 2010.


    /s/  Malcolm F. Marsh
MALCOLM F. MARSH
United States District Judge


10 - OPINION AND ORDER